**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LOVELAND TECHNOLOGIES, LLC
d/b/a Regrid,

Plaintiff,

v.

VENDITA AI, LLC,

Defendant.
_________________________________ /

Case No. 2:26-cv-13639
Hon Brandy R. McMillion
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE (ECF NO. 3)**

Plaintiff Loveland Technologies, LLC ("Loveland") brought this breach-of-contract action against Defendant Vendita AI, LLC ("Vendita") on September 24, 2026. *See generally* ECF No. 1. Loveland alleges that Defendant failed to pay all amounts due under the parties' agreement. *Id.* The Clerk issued a summons for Vendita on the same day. ECF No. 2. On October 21, 2026, Plaintiff filed a Motion for Alternative Service. *See generally* ECF No. 3. Loveland seeks permission to serve Vendita at its registered agent address by registered and first-class mail, or alternatively, by mail and email to Vendita's counsel. *Id.* at PageID.45-46.

Loveland brings this Motion after making several unsuccessful attempts at personal service. On September 30, 2026, Loveland attempted service at Vendita's

registered agent address, which is also listed as Vendita's principal place of business. *Id.* at PageID.41. However, Loveland found no physical office, only a private mailbox operated by UPS. *Id.* On October 6, 2026, Loveland attempted service at a second address but learned that Vendita no longer operates there. *Id.* at PageID.42. Finally, on October 16, 2026, Plaintiff attempted a third address associated with Vendita. *Id.* The process server spoke with an employee, but no one present was authorized to accept service. *Id.* Loveland now asserts that they have exhausted all options for finding the Defendant or its registered agent. *Id.*

Loveland seeks alternate service under Federal Rule of Civil Procedure 4(h) and Michigan Court Rule 2.105(J). *Id*. at PageID.35. Rule 4(h)(1)(A) allows service on a domestic or foreign corporation, partnership, or unincorporated association in the manner prescribed by Rule 4(e)(1)—that is, by following the law of the state where the district court sits or where service is made. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). To obtain permission for alternate service in Michigan, Plaintiff must show that (1) service cannot reasonably be made by the prescribed means, ***and*** (2) the proposed alternate method is likely to give actual notice. Mich. Ct. R. 2.105(J)(1) (emphasis added*); see Signal AHF Med. Receivables Holdco LLC v. Mobile MRI Staffing, LLC*, No. 22-11514, 2023 WL 372639, at *1 (E.D. Mich. Jan. 24, 2023). Movant must establish the first requirement with "sufficient facts." *See id.* at *1.

Loveland has not made that showing. The Court recognizes that Vendita's registered agent address is merely a private mailbox and that its second known address is no longer current. But Loveland located a third address where Vendita evidently still operates, and its process server spoke with an employee there. Loveland made only one attempt at that location. A single unsuccessful visit to an address where Vendita is actively doing business does not establish that service "cannot reasonably be made" by the means the rule prescribes. Alternative service is therefore not warranted at this time.

Accordingly, the Court **DENIES** Plaintiff's Motion for Alternate Service (ECF No. 3) **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: October 23, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge